UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 16-35097 |
| Debra Gipson | ) ) ) | Chapter: 13 |
| | ) ) | Honorable Deborah L. Thorne |
| Debtor(s) | ) ) ) | Adv. No.: 17-00118 |
| Debra Gipson | ) ) | |
| Plaintiff(s) | ) ) | |
| McCormick 105, LLC and BSI Financial Services | ) ) | |
| Defendant(s) | ) | |

### Findings of Fact and Conclusions of Law on Valuation

This matter coming to be heard on the above-captioned adversary proceeding to determine the extent of the secured lien held by McCormick 105, LLC ("McCormick") and serviced by BSI Financial Services on 5546 West Van Buren, Chicago, IL 60644 ("Subject Property"); a trial concerning the extent of the lien having been held on August 3, 2017; each party having presented their case; the court having considered the evidence submitted including witness testimony about the condition of the property, the competing property appraisals, and the testimony of each appraiser related to the following: the days each comparable property was exposed to the market, the variances in each property related to heating systems and the existence of central air conditioning, the square footage of each property, the proximity of each alleged comparable property to the Subject Property, and the condition of each comparable property; and the court having considered the appropriate weight to assign to each relevant piece of evidence;

The court makes the following findings of facts as required by Fed. R. Bankr. P. 7052:

1. The court incorporates by reference the facts stipulated to by the parties in their joint pre-trial statement. Dkt. No. 22 at 2-3.

2. The court finds Patricia Gipson's (the property manager and the debtor's representative) testimony credible as to the need for roof repairs at the Subject Property, bolstered by the photographic documentation provided in plaintiff's exhibit six. The court did not find the evidence presented as to the mold problems persuasive.

3. Deron Strickland had the relevant knowledge, skill, experience, training and education to testify as to his opinion of the value of the property because his specialized knowledge helped the court to understand the evidence, his opinion was based on sufficient facts, his opinion demonstrated his use of reliable methods and he reliably applied these methods to the facts of the case.

4. Mark O'Brien had the relevant knowledge, skill, experience, training and education to testify

as to his opinion of the value of the property because his specialized knowledge helped the court to understand the evidence, his opinion was based on sufficient facts, his opinion demonstrated his use of reliable methods and he reliably applied these methods to the facts of the case.

    5. The value of the Subject Property is $90,000.00. This valuation includes a value of $105,000.00 based on comparable properties adjusted downward by $15,000.00 for necessary roof repairs.

    6. This property is a rental property.

Based on these findings of fact, the court makes the following conclusions of law:

    1. The court has subject matter jurisdiction under 28 U.S.C. §§ 1334, 157. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (K).

    2. Deron Strickland and Mark O'Brien are both qualified as expert witnesses regarding residential appraisals.

    3. The mortgage held by McCormick 105 LLC, serviced by BSI Financial Services, and obtained on August 30, 2006 in the amount of $251,640.92 is under-secured and the balance owed in excess of $90,000.00 on the Subject Property is unsecured.

A formal judgment will follow this order.

Enter:

*[signature]*

Honorable Deborah L. Thorne
United States Bankruptcy Judge

Dated: 8/7/2017